## WILLIAM LYNES v. MATHIAS HOLL.[1]

April 26, 1895.

No. 9395.

**Contract—Performance.**

   *Held*, that the verdict was not supported by the evidence.

Action in justice court. From a judgment in favor of defendant, plaintiff appealed to the municipal court of St. Paul. The case was tried there before Orr, J., and a jury, which rendered a verdict in favor of plaintiff. From a judgment in favor of plaintiff for $81.47 defendant appealed. Reversed.

*F. F. Wilde* and *Charles J. Berryhill*, for appellant.

*Humphrey Barton*, for respondent.

COLLINS, J. There is absolutely nothing in appellant's assignments of error numbered from 1 to 4, inclusive. The fifth goes to the question of the sufficiency of the evidence to sustain the verdict in plaintiff's favor.

The action was brought to recover a balance claimed to be due him upon a contract for the building of two retaining walls, one on each side of a driveway leading from the street towards the rear of a lot owned by defendant. The defense was that neither of the walls was built as high or as long as agreed upon, and that one was constructed so that there was a bulge at its base, commencing some 15 feet from the street, extending about 30 feet to the rear, along the way, and about 4 feet above the surface of the ground. This bulge was at one place some 9 inches, so that at that point the driveway was but 9 feet wide, while at each end it was 9 feet 9 inches. From the testimony of the plaintiff, it appeared that he went upon the ground with the defendant, and was then told to about what height the walls were to be built with reference to the surface of the lot on either side. He was also told that plans for the work were being prepared by a certain civil engineer, and to go and see them. He then called at the engineer's office, and was shown plans for the elevations, complete in all respects, except that there was nothing to

1 Reported in 63 N. W. 108.

show on what scale they were drawn, nor were there any figures indicating height or length, but the plaintiff admitted that he was told the height required by the engineer. He then made his estimates, and entered into the contract in question. From the evidence it appears that soon after he commenced work the plans were on the ground, completed so as to show the height and length of both walls, and that he examined them, at least once, and it also appears that the walls were shorter and lower than called for by the plans. It is very clear, because of the bulging, that the west wall was not built in a good and workmanlike manner, for that, unless the situation and circumstances prevented, would require that the distance between the walls be the same, especially at the base lines. The plaintiff conceded this, and that these lines from front to rear should be straight on the ground, ordinarily, but attempted to excuse the fact that the west wall bulged by saying that this could not be prevented where a batter wall ran back from a perfectly plumb post or pier, as this did, standing at the street line. It seems to be conceded also that neither of the walls was built as high or as long as was specified by the figures in the plans. We think it evident that no sufficient cause was shown to exist, and that no adequate reason was given, for the bulge in the west wall. That on the east, also built from a post or pier standing exactly vertical, had no such defect in its construction. Of course, in building a batter wall from the posts, standing plumb, to the rear, a gradual slope would have to be made until all of the slope required was secured; but all would be above the base line, and in no way would it, if properly done, constitute or cause this bulging at this line, or anywhere else. In fact, it is obvious, the top line of the wall being exactly straight, that this bulge at the base increased the degree or amount of deflection, thus rendering it more difficult to obtain the required gradual batter or slope from the upright post. The engineer testified that the bulging was caused by plaintiff's failure to measure the distance between the posts, 9 feet 9 inches, and hasty assumption, when he commenced work, that it was but 9 feet, the result being that along its surface the driveway differed in width.

We are of the opinion that on the evidence the conclusion of the jury that plaintiff had performed his contract in a good and workmanlike manner, as he had agreed to do, cannot be sustained. He

wholly failed to excuse the defect in the construction of the wall, just discussed. It is urged that defendant by his acts and conduct waived this. We think not, for, although the bulging was noticed before the work was completed, both the defendant and the engineer insisted on several occasions and at all times that the wall should be straightened, and they testified that the plaintiff repeatedly promised to straighten it. These promises the latter did not deny, except evasively. For instance, when squarely asked if defendant did not tell him at the time he was at work that the wall would have to be straightened, his reply was that defendant did not tell him that the wall would have to be taken down and straightened. Neither the defendant nor the engineer claimed that his promises were to take the wall down, but that he would remove the bulge by dressing down the stone.

In view of another trial, we will briefly allude to the claim of defendant that plaintiff did not build the walls as high and as long as required by his contract. If he did not, and as to this we need not express an opinion, we think that the evidence would have justified a finding that defendant waived his right to insist upon a strict compliance in this respect with the requirements shown by the plans.

Order reversed.